## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Jack Bailey et al.

v.

Marine Resources Commission et al.

December 14, 1984

Case No. (Law) 15,804

By JUDGE BERNARD G. BARROW

This is an appeal from the Marine Resources Commission affirming a denial by the Virginia Beach Wetlands Board of an application to construct a bulkhead along the beach at Sandbridge. Four issues are raised: (1) Did the Virginia Beach Wetlands Board have jurisdiction; (2) Was its decision supported by the evidence; (3) Were two of its members so prejudiced as to cause its decision to be arbitrary and capricious; and (4) Was the denial a taking of property without just compensation.

A review of the agency record and the memoranda submitted by counsel indicates that these issues should be resolved in favor of the respondents, and that the decision of the Marine Resources Commission should be affirmed.

### JURISDICTION

A permit from the Virginia Beach Wetlands Board is only required for the use or alteration of a coastal primary sand dune. The petitioners contend that there is insufficient evidence from which the Board

could find that the bulkhead was to be constructed on a coastal primary sand dune.

The drawings submitted with the application show contour lines of existing sand dunes. The application itself recognized that the dune elevation varied, and it proposed to "cut down the dune crest." Comments of the City's Planning Department, photographic slides, and photographic prints before the Board also reflect the presence of "coastal primary" sand dunes. This was sufficient evidence from which the Wetlands Board could find that a coastal primary sand dune was to be used or altered under the terms of the application. Thus, the Board had subject matter jurisdiction to grant or deny the permit.

## EVIDENTIARY SUPPORT

The petitioners contend that judicial review in this case should be according to the specific inquiries contained in Va. Code § 62.1-13.15(a) and (b) rather than the Administrative Process Act, Va. Code Section 9-6.14:1 *et seq.* The respondents contend that review of the Commission's determination of facts is controlled by Va. Code § 9-6.14:17 of the Administrative Process Act.

Va. Code § 62.1-13.27 contained in the Coastal Primary Sand Dune Protection Act adopts §§ 62.1-13.7 through 62.1-13.19 of the Code of Virginia to provide for appellate review and enforcement. And § 62.1-13.15 of the Va. Code provides that "Judicial review shall be in accord with the provisions of the Administrative Process Act (§ 9-6.14:1 *et seq.*) except that the circuit court shall modify or reverse the decision of the Commission . . ." in accord with the specific inquiries of paragraphs (a) and (b) of § 62.1-13.15. Thus, the review of the Commission's decision by a circuit court is controlled by both the provisions of the Administrative Process Act and the specific inquiries contained in § 62.1-13.15 (a) and (b) of the Va. Code.

There was substantial evidence in the record from which the Wetlands Board could conclude that construction of the proposed bulkhead would impair the natural functions of the dune and physically alter its contour without also finding that there would be no signifi-

cant adverse ecological impact or that the permit was "clearly necessary and consistent with the public interest." There was also evidence that the proposed bulkhead would actually cause severe erosion and would diminish the natural sand replenishment the dunes provide to the beaches. Admittedly, there was evidence to the contrary. However, this was a factual issue resolved by the Board having sufficient evidence before it.

Furthermore, review of the specific inquiries required for judicial review under Va. Code Section 62.1-13.15 does not reveal any basis for modification, reversal, or remand of the Commission's decision. The petitioner complains that the decision was "arbitrary, capricious or an abuse of discretion" because the Board attempted to enforce an unattainable "special standard" as defined in *Commonwealth v. County Utilities*, 223 Va. 534 (1982). However, the Board in this case did not impose or enforce any "special standard," but simply refused to grant a permit for activity prohibited by the standard legislated in the Coastal Primary Sand Dune Protection Act.

## PREJUDICE

The petitioners now contend that two of the members of the Wetlands Board were prejudiced as demonstrated by statements "alleged to be by them contained in a news article introduced as an exhibit." However, when the news article was made a part of the Board's record it was simply described as indicating "the opinion of several members" and was submitted "to the Board for the record." No evidence was offered that the quotes contained in the news article were accurate. Furthermore, no motion was made to ask the two Board members to disqualify themselves or exclude themselves from consideration of the application. Instead, it was raised on appeal without the Board having an opportunity to act on it.

The news article does state opinions alleged to have been stated by the Board members who also stated their determination not to rule until after the case had been heard. Public confidence in the impartiality of the two members may or may not have been affected by the article. But, it is insufficient evidence from

which to conclude that any bias influenced these two members.

## DENIAL NOT A TAKING WITHOUT JUST COMPENSATION

A regulatory measure restricting the permissible uses of lands zoned as wetlands, flood plains or the like, constitutes a valid exercise of police power even though it may have some degree of restrictive effect upon an owner's use of his land. See *Responsible Citizens in Opposition to the Flood Plain Ordinance* v. *City of Asheville*, 302 S.E.2d 204 (N.C. 1983); Anno. 19 A.L.R.4th 756 (1983); "Note: State and Local Wetlands Regulation: The Problem of Taking Without Just Compensation," 58 *Va. L. Rev.* 876 (1972). In view of the evidence before the Board that the proposed bulkhead would actually cause severe erosion and diminish the natural sand replenishment the dunes provide to the beaches, the denial of the application for a bulkhead was a reasonable and permissible exercise of police power.

For the reasons I have stated in this letter, I am of the opinion that the decision of the Marine Resources Commission should be affirmed.